# Naglee *v.* Naglee.

*Evidence—Receipt—Mortgage—Legacy.*

Where a receipt in writing for a mortgage for $1,500 in full payment and settlement of a legacy of $2,000 is given by a legatee together with a release of all claims on account of the legacy, and it appears that the receipt was given by an intelligent person without any fraud or undue influence and under the advice of counsel in settlement of a disputed claim as to whether the legacy was a charge on land, the receipt will be sustained.

Argued Dec. 14, 1905. Appeal, No. 219, Oct. T., 1905, by Alice A. Murrow, from decree of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 2753, on bill in equity in case of Richard M. Naglee and Helen B., his wife, and David J. Rashbam and Clara Virginia, his wife, v. William P. Naglee and Emma, his wife, and Francis Naglee and Louise, his wife. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for partition.

The case was referred to Edward W. Magill, Esq., as master.

Before the master, Alice Murrow claimed the sum of $500 from the distributive share of Clara V. Naglee. A receipt was produced signed by Alice A. Murrow acknowledging the receipt of a mortgage for $1,500 in full satisfaction of a legacy of $2,000.

Other facts appear by the opinion of the Superior Court.

The master disallowed the claim.

Exceptions to the master's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to master's report.

*Jay Rich Grier*, with him *James R. Grier*, for appellant, cited: Naglee's Estate, 20 Phila. 179; Craig v. Craig, 5 Rawle, 91; Darlington's Est., 147 Pa. 624; Dickinson's Estate, 28 W. N. C. 94; McLanahan v. Wyant, 2 P. & W. 279; Rapp v. Rapp, 6 Pa. 45; Mortland v. Himes, 8 Pa. 265.

*Ruby R. Vale*, for appellee.

OPINION BY HENDERSON, J., January 13, 1906 :

The master and the court below were of the opinion that the appellant is concluded, by her receipt and release of September 8, 1887, and this is the first question for our consideration, for, unless she has made it appear that the paper referred to is not what it purports to be, the case was rightly decided. It is not alleged that there was any fraud, deceit, misrepresentation or undue influence, practiced or exercised, in procuring the release. The appellant is an educated and intelligent person. She was represented by counsel, under whose advice the receipt was executed. It was read to her, after which she signed it. The document is formal in its terms, and acknowledges the receipt of a mortgage for $1,500 in full payment, settlement and satisfaction of the legacy of $2,000, bequeathed to her. It also contains a release and quitclaim to the estate of the testator, and to his executor and devisees, of and from all claim, for or on account of the legacy of $2,000, and " every part and parcel thereof and all interest thereon," and thus expressly discharges both the estate and the devisees from any claim on account of the legacy. The mortgage, referred to in the receipt, was executed by the executor and three of the devisees. The other devisee was a minor, and, therefore, incompetent to join in its execution. It was given to make secure to the appellant, the sum of $1,500, and was accepted by her, on the advice of her attorney, that " to have half a loaf is better than no loaf at all." In the language of the appellant, " He thought it would be better to accept that, than to not accept any at all." The decided preponderance of the evidence is to the effect that the mortgage was given to settle a claim, the validity of which, as a charge on the land, was denied by the executor and devisees. The taking of the mortgage, and the delivery of the release for the whole of the bequest, was a transaction only consistent with that view of the case. The appellant is wholly unsupported in her allegation that she intended to claim the full amount of the legacy, and her testimony is insufficient to overcome the receipt and release, which she executed at the time of the delivery of the mortgage, and the other evidence introduced by the appellees. Under the evidence, the master and the court below would not have been justified in reaching any other conclusion.

Our view of the conclusiveness of the receipt and release, relieves us from considering the question, whether the bequest to the appellant was a charge upon the real estate of the decedent. If the land was not charged with the legacy, the appellant has no standing in the distribution of the proceeds of the sale. If it was a charge on the land, she accepted the amount of the mortgage as a consideration for the settlement of a disputed claim, choosing to take half a loaf, rather than have no bread, and as this was done without constraint, overreaching, concealment, mistake or deceit, she is precluded from a further claim on account of the bequest. The case does not require a consideration of the assignments of error severally.

The decree is affirmed.